The People of the State of Illinois, Defendant in Error, v. William Kanouse, Plaintiff in Error.

Gen. No. 17,216.

1. CRIMINAL LAW—*information first attacked on appeal.* Where a person pleads guilty to a charge of pandering, and the question of the sufficiency of the information is raised for the first time on appeal, the judgment of the lower court will not be disturbed, where the information is sufficiently definite to inform the defendant with reasonable certainty with what offense he was charged.

2. CRIMINAL LAW—*when sufficiency of affidavit to an information cannot be urged.* The sufficiency of an affidavit to an information cannot be raised on appeal, where the defendant pleaded guilty in the trial court.

3. INFORMATIONS—*affidavit.* An affidavit to an information which, omitting certain words, states that affiant "being duly sworn on oath deposes * * * that the foregoing information * * * is true," is sufficient.

Prosecution for pandering. Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed October 7, 1912.

J. GRAY LUCAS, for plaintiff in error.

JOHN E. W. WAYMAN, for defendant in error; ZACH HOFHEIMER, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

Judge Gemmill, sitting in the Municipal Court of Chicago, on June 21, 1910, granted leave to one Timothy A. O'Connor to file in the name of the People an information against the plaintiff in error, William Kanouse, in the following terms:

"Timothy A. O'Connor, a resident of the City of Chicago in the State aforesaid, in his own proper person comes now here into court and in the name and by the authority of The People of the State of Illinois gives the Court to be informed and under-

stand that William Kanouse, late of the City of Chicago, heretofore, to-wit, on the 20th day of June, A. D. 1910, at the City of Chicago aforesaid, did then and there wilfully and unlawfully persuade, encourage, solicit and abet a female to enter as an inmate in a house of ill fame or place resorted to for the purpose of prostitution, and did aid and encourage the said female, known as Myrtle Kanouse, to become a prostitute, and did aid and abet in procuring a place for said female, Myrtle Kanouse, for the purpose of practicing prostitution in violation of Section 37G. Chapter 38 R. S., contrary to the form of the statute in such case made and provided and against the Peace and Dignity of The People of the State of Illinois.

TIMOTHY A. O'CONNOR.

STATE OF ILLINOIS,  
COUNTY OF COOK,  } ss.  
CITY OF CHICAGO.  

Timothy A. O'Connor being first duly sworn on ... oath deposes and says that ........ is a resident of the City of Chicago, that ...... has read the foregoing information by ...... subscribed and that the same is true.

TIMOTHY A. O'CONNOR.

Subscribed and sworn to before me this 21 day of June, A. D. 1910.

HOMER K. GALPIN,  
Clerk of the Municipal Court  
(SEAL)                    of Chicago.''

Kanouse was arrested and brought before the Court and being arraigned waived a jury and plead guilty to this information.

The judgment ordered recites that then ''being duly advised by the court as to effect and consequences of said plea, said defendant is still persisting therein,'' and that the court orders said plea to be accepted and entered of record against said defendant. The order then proceeds:

''The State's Attorney now here moves the court for final judgment on the plea of guilty herein, and the said defendant not saying anything further why the judgment of the court should not now be pro-

nounced against him on the plea of guilty entered in this cause, the court finds that it has jurisdiction of the subject matter of this cause and of the parties hereto, and it is considered and adjudged by the court that said defendant is guilty of the criminal offense of Pandering on said plea of guilty.''

Kanouse was sentenced to one year in the House of Correction and fined $300. Notwithstanding his entire lack of contest in the court below he has sued out a writ of error from this court, and claims that the information was insufficient in law and charged no offense; that the plea of guilty to it confessed therefore no offense and warranted no judgment.

We cannot agree with this contention. What led the informant so to go out of his way by a superabundance of words in charging the offense as to make possible the raising of this question, we cannot well imagine. More particularity as to the place for which the female was procured and less superfluity of verbs in describing the actions of the defendant in the procuring would have been better; but we have no doubt the defendant knew with reasonable certainty with what offense under the statute he was charged by the terms of the information. He chose not to question its sufficiency, but to plead guilty to it after being advised of the consequences.

There is no ground, therefore, we think, for our interference now.

It is urged that the affidavit to the information is insufficient. This is of no importance whatever, since the defendant pleaded guilty; but we may note that the affidavit contains, omitting certain words, the statement that ''O'Connor being duly sworn on oath deposes  *  *  *  that  *  *  *  the foregoing  *  *  * information is true.'' That is sufficient in any event, we think, even had the question been raised on a motion to quash.

The judgment of the Municipal Court is affirmed.

*Affirmed.*